UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MORRIS J. GREEN (#462753)

VERSUS                                              CIVIL ACTION

DARRELL VANNOY, ET AL                               NUMBER 15-42-JWD-SCR

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 29, 2015.

                                    _____
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MORRIS J. GREEN (#462753)

VERSUS                                        CIVIL ACTION

DARRELL VANNOY, ET AL                         NUMBER 15-42-JWD-SCR

## MAGISTRATE JUDGE'S REPORT

This matter is before the court following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Darrell Vannoy, Unit 2 Warden Kent Booty, Unit 1 Warden Bruce Coston and Sgt. Matthew. Plaintiff alleged that Sgt. Matthew grabbed him by his buttocks and he was issued a disciplinary report for cursing at an officer.

At the *Spears* hearing, the plaintiff alleged facts which were not contained in the complaint, explaining that there was not enough room on the complaint form. Plaintiff asked for an opportunity to amend his complaint. Plaintiff was granted until April 6, 2015, to file an amended complaint to allege additional facts in support of his claims.[1] Plaintiff did not file an amended complaint.

---

[1] Record document number 8.

## I. Applicable Law and Analysis

**A. Frivolous Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> ©) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. False Disciplinary Reports**

Plaintiff alleged that he was issued a false disciplinary report.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

**C. Excessive Force**

Plaintiff alleged that Sgt. Matthew grabbed him by the buttocks.

Force is excessive and violates the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). However, not every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of

"cruel and unusual" punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*.

Plaintiff's allegation that Sgt. Matthew grabbed him by his buttocks, without more, is insufficient to state an excessive force claim.

### D. Verbal Abuse

Plaintiff alleged that Warden Booty threatened to harm him if he did not get out of his face.

Allegations of verbal abuse alone do not present claims under section 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499 (1983); *Burnette v. Phelps*, 621 F.Supp. 1157 (M.D. La. 1985); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973). The allegations against Warden Booty regarding verbal abuse is therefore insufficient to raise a constitutional violation.

### E. Respondeat Superior

Plaintiff named Warden Vannoy and Warden Coston as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

4

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Vannoy and Warden Coston are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Baton Rouge, Louisiana, April 29, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE